# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>LEONID SHIFRIN,<br><br>Debtor.<br><br>HARVEY SENDER, Chapter 7 Trustee<br><br>Plaintiff,<br><br>v.<br><br>VARIOUS DEFENDANTS | Case No. 12-22722 MER<br>Chapter 7<br><br><br><br>Complex Case No. 14-9991 MER |

### PROCEDURAL ORDER NO. 1 FOR JOINT ADMINISTRATION
### OF PENDING ADVERSARIES FOR PURPOSES OF FED. R. BANKR. P. 7016

Harvey Sender, the Chapter 7 Trustee (the "Trustee") for the estate of Leonid Shifrin (the "Debtor"), filed 28 adversary proceedings in this Court on or about June 13th and June 16th, 2014, in which he seeks to recover pre- and post-petition allegedly fraudulent transfers from various defendants (the "Adversary Proceedings").[1]  The Adversary Proceedings all allege actual intent to defraud and insolvency of the Debtor.  Due to the overlapping and similar issues presented in each case, the Trustee desires to conduct coordinated discovery in the cases to avoid overlapping and duplicative discovery demands, multiple depositions of the same people, conflicting schedules and

---

[1]  The Defendants and Adversary Proceeding Numbers subject to this Order are listed in the attached Exhibit A.

an unwarranted and needless degree of expense. In order to minimize costs to the parties, to organize and regulate discovery, and to reduce pretrial burdens on the Court, and pursuant to the authority granted under 28 U.S.C. 154(b), it is hereby

ORDERED, that all Adversary Proceedings shall be jointly administered for purposes of FED. R. BANKR. P. 7016 pursuant to orders entered from time to time by the Court. In furtherance of the joint administration, and until otherwise ordered, the following shall apply:

A.   **Stay of Discovery.**  Pending the Scheduling Conference hereafter set, all discovery in the Adversary Proceedings shall be held in abeyance.

B.   **Extension of Time to Answer.**  Defendants in all Adversary Proceeding have until August 29, 2014, to answer or otherwise respond to the complaints served against them.

C.   **Scope of Joint Administration.**  This Order for joint administration will apply to all procedural pretrial matters in the Adversary Proceedings and to all matters specified by FED. R. BANKR. P. 7016. THIS ORDER DOES NOT EFFECT A CONSOLIDATION OF THESE CASES FOR PURPOSES OF TRIAL OR THE RESOLUTION OF SUBSTANTIVE ISSUES. All pleadings and all motions seeking substantive relief shall be filed in the Adversary Proceeding to which such pleadings or motions pertain.

D.   **Electronic Filing.**  All parties are requested to file pleadings, motions, and related documents in electronic format pursuant to and in accordance with Local Bankruptcy Rule 5005-4. For those *not* able to file electronically, filing and serving of documents shall be by customary means and according to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules. Entry of appearance by a party through electronic filing shall be deemed to constitute agreement to acceptance of service, henceforth, by electronic means, pursuant to Local Bankruptcy Rule 9036-1(b). All parties to these adversary proceedings shall, in addition to other customary

information and designations, specify the e-mail address of counsel filing pleadings and otherwise responsible for the case. Any notice sent via e-mail from a party other than the court must contain "Notice of Pleadings" in the subject or "re" line. The certificate of service must contain the email addresses and name(s) of the person(s) to whom electronic service was affected.

   E. **Joinder or Exclusion of Proceedings.** This Court may, *sua sponte* or on application of any interested party, subject earlier filed adversary proceedings to administration pursuant to this order, or may exclude adversary proceedings, as may be appropriate.

   F. **Maintenance of File and Filing of Motions and Pleadings.**

    1. A copy of this Order will be docketed in the electronic file of each Adversary Proceeding to which it applies.

    2. The Clerk of the Court will cause to be established an electronic case file designated **"HARVEY SENDER, TRUSTEE for LEONID SHIFRIN v. VARIOUS DEFENDANTS; Complex Case No. 14-9991 MER."** All orders, motions and other documents filed with the Court which pertain to procedural and scheduling matters subject to this Order will be docketed and retained in said file.

    3. Every order, motion or other document filed which is subject to this Order shall be captioned as follows:

3

| | |
|---|---|
| In re: ) | |
| ) | |
| LEONID SHIFRIN, ) | |
| ) | Case No. 12-22722 MER |
| Debtor. ) | Chapter 7 |
| ) | |
| _____ ) | |
| ) | |
| HARVEY SENDER, Chapter 7 Trustee ) | |
| ) | Complex Case No. __14-9991 MER__ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VARIOUS DEFENDANTS ) | |
| ) | |

DOCUMENT FILED:_____
(Description)

FILED BY: _____
(Name of Party)

UNDERLYING ADVERSARY PROCEEDING NUMBER: _____

  4. A copy of each order entered pursuant to this Order will be transmitted by the Clerk of the Court to the chambers of each bankruptcy judge so that each judge may maintain a separate file of all orders entered herein.

  5. Pleadings shall only be filed in the Complex Proceeding which involve pretrial/discovery relief as to the *entire* Complex Proceeding and *all* parties in the adversary proceeding. A motion or other pleading which seeks relief as to an individual Adversary Proceeding *must only* be filed in that particular case. Examples may include: a

4

motion to vacate or continue a trial or final pretrial conference; a motion seeking to extend a deadline unless the motion seeks an extension of the deadline *as to all Adversary Proceedings;* a motion for protective order or motion to compel unless it is directed to the Plaintiff *and is intended to apply to all Adversary Proceedings;* and, a motion for summary judgment or to dismiss.

6. Entries of appearance or motions to withdraw or be removed from a proceeding shall be filed in the individual adversary proceeding.  Entries of appearance in the Complex Proceeding are neither necessary or useful.

G. **Establishment of Service List.**  The Trustee will (a) establish, at his earliest convenience, a service list of counsel (or parties for those appearing *pro se*) who enter an appearance in the Adversary Proceedings; (b) serve a copy of the Service List on all such persons; and (c) file a copy with the Court on a diskette in accordance with the guidelines of L.B.R. 1007-2APP.  The Clerk will input that Service List as the mailing list for the Complex Case.  Any party filing pleadings or documents captioned as specified in this Order need only serve a copy thereof on the other party(ies) to the underlying adversary proceeding or, in the case of the Trustee, on all parties affected thereby, unless the motion or document will affect proceedings in other jointly administered Adversary Proceedings, in which event service will be made on all persons identified in the Service List.

H. **Summary of Cases Filed.**  The Trustee shall, on or before August 29, 2014, prepare and file with the Court a summary of all Adversary Proceedings that are subject to this Order, which summary will contain, for each case (sorted alphabetically by defendant):  (a) the case number; (b) name of the defendant(s); (c) the aggregate dollar amount sought to be recovered; (d) the date of the earliest and latest payments sought to be recovered; (e) the statutory sections of

5

the Bankruptcy Code under which recovery is sought;(f) the name of the attorney representing the defendant(s) in the case; and (g) if a motion for settlement is currently pending.

I. **Coordinating Committee.** The Trustee shall, on or before July 31, 2014, file with the Court a schedule of the case numbers of the three adversary proceedings involving the largest dollar claims for relief or involving the largest dollar claim for relief for each designated class of defendants should class designations be appropriate, and, to the extent then known, the identity of the attorneys representing the defendants in those cases. The Trustee shall serve a copy of the schedule on all parties to these jointly administered proceedings. The attorneys representing the defendants in those cases shall act as a Coordinating Committee for the purposes of consulting with the Trustee and formulating and recommending to the Court a process and schedule for the orderly conduct of discovery in these proceedings.

J. **Pretrial Proposals.** Before the first scheduling conference, the Trustee and the Coordinating Committee shall meet and confer on proposed procedures to manage discovery and pretrial practices in these Adversary Proceedings. The parties shall consider and be prepared to report to the Court on such issues as may be appropriate, including but not limited to: the establishment by the Trustee of an electronic document depository; the timing and scope of written discovery; the segregation of discovery into common issues and case specific discovery; the continued role of the Coordinating Committee in conducting common issue discovery; the timing of depositions; appropriate procedures or orders to limit the conduct of discovery on common issues; the prospect for a consolidated trial on limited common issues such as insolvency; and such other matters as the parties consider appropriate.

K. **Scheduling Conference.** The Court will conduct a Preliminary Scheduling Conference in these jointly administered proceedings on **Monday, September 29**, 2014, in **at 10:30 a.m.**

**Courtroom D**, United States Bankruptcy Court, United States Custom House, 721 19th Street, Denver, Colorado.  **Except for the Trustee and his counsel, and the members of the Coordinating Committee, no other party is required to attend, but all parties will be bound to such orders as the Court may enter pursuant to FED. R. BANKR. P. 7016(a) and (b).**  Parties wishing to appear by telephone may call 720-904-7499.  The User ID is **993 536 252#**

  L. **Service of this Order.**  The Trustee shall forthwith cause a copy of this Order to be served on all defendants in these jointly administered proceedings.

  M. **Service.**  For purposes of this Order, documents required to be served shall be served on counsel for any parties where counsel has appeared, otherwise on the parties.  If the same attorney or law firm represents multiple defendants in multiple adversary proceedings, it will be sufficient to serve such counsel with one copy of any document required to be served.  Defendants serving the Trustee need only serve the Trustee and the Trustee's attorney.

Dated:  <u>July 1, 2014</u>          BY THE COURT:

                      _____
                      Honorable Michael E. Romero
                      U.S. Bankruptcy Judge